```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,
                                          MEMORANDUM AND ORDER
                                           91-CR-1219(DRH)
        -against-

DARRYL BOARD

             Defendent.
------------------------------X
A P P E A R A N C E:

For the Government:
    Loretta Lynch
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York 11722
      By: Judy Phillips, A.U.S.A.

For Defendant:
    Darryl Board, Pro Se
    Inmate No. 38544-053
    P.O. Box 2000
    Whitedeer, Pennsylvania 17887
```

HURLEY, Senior District Judge

      Defendant Darryl Board ("defendant"), appearing pro se, moves by application dated April 16, 2007, for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons set forth below, defendant's motion is denied.

BACKGROUND

I.   Trial

---

[1] By order dated August 12, 2010, the Second Circuit granted defendant's motion to proceed in forma pauperis in seeking mandamus against the undersigned, but denied the mandamus petition because defendant failed to demonstrate exceptional circumstances warranting the requested relief. See Mandate, Docket Entry No. 682.

Defendant's trial, and that of his co-defendants, lasted from April 27, 1993 to July 21, 1993. At its conclusion, defendant was convicted of the following offenses: conspiracy to commit armed robberies in violation of 18 U.S.C. § 371 (Count 1); one count of armed robbery in violation of 18 U.S.C. § 2114 (Count 2 - Brevoort Postal Station); two counts of armed robbery in violation of 18 U.S.C. § 2113 (Count 20 - Bowery Savings Bank, and Count 28 - Anchor Savings Bank); three counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), viz.: Count 3 - Brevoort Postal Station, Count 21 - Bowery Savings Bank, and Count 29 - Anchor Savings Bank; and one count of possession of proceeds from an armed robbery in violation of 18 U.S.C. § 2113 (Count 30 - Anchor Savings Bank).

II.  Sentence

Sentence was imposed on April 28, 1994. As to Count 1, the conspiracy count, defendant was sentenced to a 60 month term of incarceration. As to Counts 2, 20, 28, and 30, the substantive robbery counts, he was sentenced to 140 months to be served concurrently with each other, and with the sentence under Count 1. As to Count 3, the first of the three § 924(c) counts, defendant was sentenced to a 5 year prison term, which was directed to run consecutively. Under Count 21 and 29, the two remaining § 924(c) counts, he was sentenced to 20 years for each count, to run consecutively to each other and to the sentences

imposed on the other counts.  In total, defendant was sentenced to 56 years and 8 months in prison.[2]  On April 30, 1996, the Second Circuit Court of Appeals affirmed defendant's conviction and sentence.  See United States v. Williams, 101 F.3d 683 (2d Cir. 1996), cert. denied, 519 U.S. 900 (1996).

III. Defendant's Prior Applications Targeting His 1993 Convictions and 1994 Sentence

      A.    Applications Made Pursuant to 28 U.S.C. § 2255

Defendant has made several unsuccessful post-sentence collateral attacks on his conviction and/or sentence pursuant to 28 U.S.C. § 2255.  See, e.g., Board v. United States, No. 96-CV-3840 (E.D.N.Y., dismissed by Order dated Sept. 20, 1999)(application for leave to file a successive  petition denied by Second Circuit by Order dated February 15, 2006, see Mandate, Docket Entry No. 87) and Board v. United States, 01-CV-2974 (E.D.N.Y., dismissed by Order dated Sept. 9, 2003) (application for leave to file a successive petition denied by Second Circuit by Order dated Nov. 4, 2003 see Mandate, Docket Entry No. 35).

      B.    Application Made Pursuant to 18 U.S.C. § 3582(c)(2)

In the Spring of 2001, defendant filed a motion seeking

---

[2] Due to ex post facto problems (Oct. 18, 1993 PSR ¶ 35), the Guideline Manual in effect at the time the subject crimes were committed, (i.e. 1991 with the last robbery being "in October 1991"), was employed at sentencing.  Apr. 28, 1994 Sentencing Tr. at 47.

a sentence modification based on the retroactive application of Sentencing Guideline Amendments 598, 599 and 600.  By Memorandum and Order dated September 9, 2003, the requested relief was denied in that (a) Amendments 598 and 600 could not be applied retroactively, and (b) defendant's sentence did not run afoul of Amendment 599 given that the four-level weapon enhancement that he received pursuant to Guideline § 2B3.1(b)(2)(B) pertaining to the Mount Vernon robbery was imposed under Count 1, the conspiracy count, i.e. was not related to a substantive robbery count of conviction.

IV.  Defendant's Present Application

Defendant's present application falls far short of being a model of clarity.  I have reviewed his submissions, including a letter dated March 26, 2007, filed on April 16, 2007; a motion dated April 1, 2007, also filed on April 16, 2007; an undated "reply to Government's Response" filed August 24, 2007; a letter dated September 5, 2007, filed September 7, 2007; and his letter dated February 25, 2008.[3]  As best I can determine based on that review, defendant seemingly seeks, pursuant to "18 U.S.C. § 3582(c)(2)," to be "resentenced" based on the retroactive application of Sentencing Guideline "Amendment 599" (Def.'s Feb.

---

[3]  For citation purposes, henceforth only the filing date of defendant's various submissions will be used except for his two submissions filed on April 16, 2007 for which the document's date will also be provided.

25, 2008 Letter at 1), to correct the following purported sentencing errors:

    a) the forty-five years he received based on his three § 924(c) convictions which, he proffers, "exceed the maximum sentence authorize[d] for 924(c) offenses in [his] case" (id.); and

    b) the Court's utilization of U.S.S.G. § 1B1.2(d) in calculating the offense level for defendant's conviction under Count 1.

These grounds will be discussed seriatim.

## DISCUSSION

### I. Preliminary Observations

To place defendant's arguments in context, the following subjects warrant preliminary discussion: 18 U.S.C. § 3582(c)(2); Amendment 599; and the Mount Vernon robbery.

#### A) 18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) permits a district court, after considering the applicable factors in § 3553(a), to reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" provided that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In this case, defendant contends that he is entitled to such a sentence

reduction and that the Court should reduce his sentence by applying Amendment 599 retroactive. That Amendment, as one of the ones listed in U.S.S.G. § 1B1.10(c), provides a vehicle, to the extent applicable, for a reduction of sentence under § 3592(c)(2).

        B)   <u>Guidelines Amendment 599</u>

Guidelines Amendment 599, effective November 1, 2000, adds the following paragraph to Application Note 2 of § 2K2.4 which governs the offense level calculation for § 924(c) convictions:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery

which was not the basis for the 18 U.S.C. § 924(c) conviction.

Additional guidance is provided in the Reason for Amendment, which explains that "no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under [Section] 1B1.3 (Relevant Conduct)," Amend. 599, Reason for Amendment, U.S.S.G. App. C at 72.

C) Mount Vernon Robbery

Among the issues raised at the sentencing hearing was whether the robbery of the Mount Vernon Postal Station should be considered for purposes of determining the appropriate guideline range. Because Mount Vernon is outside the venue of the Eastern District of New York, the substantive robbery and § 924(c) counts relating to that robbery were dismissed prior to trial. The Court determined, however, that the Mount Vernon offense, (which was charged as an overt act under Count 1), should be considered for purposes of the multi-count, multi-act analysis pursuant to U.S.S.G. § 1B1.2(d)[4] as being within the ambit of defendant's

---

[4] U.S.S.G. § 1B1.2(d) provided then, as now: "A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit."

Count 1 conspiracy conviction.  (See Apr. 28, 1994 Sentencing Tr. at 36, 47-48.)  Since a postal employee suffered serious injuries as a result of being pistol whipped by one of defendant's co-conspirators during the Mount Vernon robbery, a four-level enhancement pursuant to Guideline § 2B3.1(b)(3)(B) was included in the calculation.

The Probation Department calculated the offense level in the amended report for Count One as follows:

| | |
|---|---|
| Base Offense Level (§ 2X1.1(a), 2B3.1(a)) | 20 |
| Plus: Robbery [at Mount Vernon] Post Office (§ 2B3.1(b)(1)) | +2 |
| Plus: Use of Weapon (§ 2B3.1(b)(2)(B)) | +4 |
| Plus: Serious Bodily Injury (§ 2B3.1(b)(3)(B)) | +4 |
| Plus: Employees Restrained (§ 2B3.1(b)(4)(B)) | +2 |
| Adjusted Offense Level (subtotal) | $\overline{32}^5$ |

II. **Defendant's Sentence Under 18 U.S.C. § 924(c) Complied With Applicable Law**

Defendant was convicted of using a firearm during a crime of violence in violation of § 924(c) under counts 3, 21, and 29.  As a result, he was sentenced on those three counts to a total of 45 years, consisting of 60 months under Count 3 consecutive to the sentences imposed under counts 1, 2, 20, 28,

---

[5] Since the Probation Department in its initial presentence reports determined defendant's combined adjusted offense level to be 26, the inclusion of the Mount Vernon enhancements under Count 1 effectively increased his adjusted offense level by 6 levels.

and 30, and 240 months under count 21 and under count 29, consecutive to each other and to the sentences imposed on the other counts of conviction, all as required under § 924(c)(1) as it then read.[6]

In urging a contrary result, defendant cites, inter alia, Castillo v. United States, 530 U.S. 120 (2000), United States v. Sims, 975 F.2d 1225 (6th Cir. 1992), and "the last paragraph of Application Note (4) Weapon Enhancement § 2K2.4" (Def.'s Feb. 25, 2008 Letter at 1.)

Castillo is of no aid to defendant.  In that case, the issue was whether the use of a "machine gun" in a § 924(c) charge - with a concomitant increase in the mandated minimum sentence - was an element of the crime for the trier-of-fact's determination, or a sentencing factor for the judge's consideration.  530 U.S. at 121.  The Supreme Court decided it was the former.  Id.  However, the defendant here was not sentenced based on the use of a machine gun or other weapon resulting in an enhanced § 924(c) sentence.  Which is to say, Castillo is not germane for present purpose.

In Sims, "the indictment contain[ed] only one substantive drug trafficking offense and separate counts under

---

[6] Second or subsequent convictions under § 924(c)(1) now require that the offender be sentenced consecutively to "term(s) of imprisonment of not less than 25 years" per conviction.  18 U.S.C. § 924(c)(1)(C) and (D).

section 924(c) for weapons which f[e]ll into more than one weapons category." 975 F.2d at 1235. Given that "no defendant [may] be convicted [and sentenced] on more than one gun count relative to one drug trafficking" offense, corrective measures, as explained by the Sixth Circuit, had to be utilized at sentencing lest the defendant be "punish[ed] . . . twice for the same conduct" in violation of the Double Jeopardy Clause of the Fifth Amendment. Id. at 1235. No such conundrum was implicated in defendant's case; each substantive robbery count of conviction, i.e. counts 2, 20, and 28, served as the predicate for a single corresponding § 924(c) gun count. Moreover, absent from the guideline calculations for each of the substantive robbery claims is an enhancement for the use of a weapon consistent with then Application Note 2 to § 2K2.4 which provided in pertinent part: "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm . . . is not to be applied in respect to the guideline for the underlying offense."[7] See United States v. Contrera, 2009 WL 2383034, at *3 (E.D.N.Y. July 30, 2009) and United States v. Clemente, 2009 WL 1455825, at *1 (S.D.N.Y. May

---

[7] To the extent defendant's § 924(c)/§ 3582(c)(2) argument relies on Amendment 599, the Court hereby incorporates by reference those portions of its September 9, 2003 Memorandum and Order which rejected that same argument over seven years ago. See Sept. 9, 2003 Mem. & Order at pp. 4-7.

19, 2009).

With respect to defendant's reliance on "2K2.4 Application Note:4 WEAPON ENHANCEMENT," (Def.'s Aug. 24, 2007 Letter at 2), he has advised the Court that he has reconsidered that argument after reviewing the government's August 13, 2007 letter and, as a result of that process, has concluded that the "Government is correct in their reading of this portion to Amendment 599 and [he] is sorry to have wasted the Court's time on that part of Amendment 599."  (Def.'s Feb. 25, 2008 Letter at 1.)  Since that argument has been withdrawn, it will not be further addressed.

In sum, defendant's request for resentencing pursuant to 18 U.S.C. § 3582(c)(2) upon the ground that the portion of his sentence based on his three § 924(c) convictions was incorrectly calculated is denied as devoid of merit.

III. Four Level Sentencing Enhancement Under Count 1, Made Pursuant to Guideline § 2B3.1(b)(3)(B), for Serious Bodily Injuries Sustained by a Mount Vernon Postal Employee was Properly Assessed

Defendant contends that the captioned § 2B3.1(b)(3)(B) enhancement for serious bodily injury is an appropriate predicate for resentencing under § 3582(c)(2).  Implicit in that argument is the notion that Amendment 599 is implicated because a firearm was used to bludgeon the Mount Vernon victim thus causing his injuries.  However, a perusal of the text of the Amendment, as well as reasons for its adoption, fail to support such an

-11-

expansive reading.  Instead, the Amendment's preclusive effect is clearly confined to weapon enhancements per se.  But even if, arguendo, the Amendment covered both the use of the weapon and the concomitant results attributable to that use, defendant's position would lack merit.  The enhancement pertains to the Mount Vernon overt act charged in Count 1 which has no corresponding § 924(c) count.  Accordingly, Amendment 599's goal of eliminating duplicative punishments for § 924(c) convictions linked to underlying crimes of violence or drug trafficking does not come into play.

CONCLUSION

For the reasons indicated, defendant's § 3582(c)(2) application is denied <u>in</u> <u>toto</u>.[8]

SO ORDERED.

Dated: December 22, 2010
       Central Islip, New York

_____
Denis R. Hurley, U.S.D.J.

---

[8] As noted earlier in the text, it is difficult to discern and, thus, categorize the gravamen of the specific relief sought by defendant.  Nonetheless, when defendant's misplaced reliance on Amendment 599 is shorn from both prongs of his § 3592(c)(2) application, what remains appears to be a misnamed § 2255 application.  However, given defendant's insistence that such is not the case (<u>see</u> May 24, 2007 Docket entry # 6), I have viewed his claims consistent with his request solely through the prism of § 3582(c)(2).