# Federal Defenders
## O F   N E W   Y O R K ,   I N C.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

December 31, 2020

The Honorable Denis R. Hurley
United States District Court Judge
Eastern District of New York
934 Federal Plaza
Central Islip, NY  11722

Re:     *United States v. Williams, Darryl Board, et al*
        Criminal Docket No. 91 CR 1219 (DRH)

Dear Judge Hurley:

We write to respectfully request that the Court appoint CJA counsel to assist Mr. Board in his reply to the government's response to Mr. Board's request for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).  Mr. Board was one of seven defendants in this case. In June 2016, Federal Defenders filed four 28 U.S.C. 2255 placeholder petitions seeking vacatur of convictions based on the then recently decided  *Johnson v. United States*, 135 S.Ct. 2551 (2015) on behalf of Mr. Board and three other co-defendants.

We believe our continued representation of Mr. Board presents an actual or potential conflict of interest. At the time we filed the placeholder petitions, we anticipated our clients' potential right to have certain counts vacated would be solely a question of law. Now that the First Step Act permits resentencings under certain circumstances, we find ourselves in a position that will require factual arguments with respect to relative culpability, degree of involvement and role in the offenses charged in the indictment.

An attorney's representation, or – as here – the same organization's representation, of multiple co-defendants presents a conflict of interest because a lawyer owes a duty of loyalty and confidentiality to both current and former clients. See *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993); *United States v. Iorizzo*, 786 F.2d 52, 57 (2d Cir. 1986); Restatement (Third) of the Law Governing Lawyers § 121 (2000) (recognizing that a serious problem arises when "there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by . . . the lawyer's duties to . . . a former client . . . ."); *United States v. Yannotti*, 358 F. Supp. 2d 289, 29 (S.D.N.Y. 2004); *United States v. Rahman*, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA Model Code of Professional Responsibility, Ethical Consideration 4-6.

1

While the Federal Defenders represented Mr. Board in his 28 U.S.C. §2255 motion, currently pending decision on a second or successive petition in the Second Circuit Court of Appeals, given our representation of other defendants in this case, we believe a conflict of interest would arise from our representation of Mr. Board in a compassionate release motion. For this reason, we respectfully request the Court appoint CJA counsel to assist Mr. Board in his reply.

Respectfully submitted,

Mildred M. Whalen
The Federal Defenders of New York
 (718) 330-1290

cc:     Assistant U.S. Attorney Margaret Schierberl , Esq. (Via ECF and email)
        ECF

        Mr. Darryl Board