UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| v. | 91-CR-01219 (HG) |
| DARRYL BOARD, | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

Defendant Darryl Board has moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes district courts to grant relief that is often colloquially referred to as "compassionate release." ECF No. 825. The Court grants Defendant's motion and reduces his sentence to a total length of 449 months for the reasons further set forth below.

## PROCEDURAL HISTORY

Defendant has been in custody since being arrested and detained on a complaint in October 1991. *See* ECF Nos. 1, 3, 7. He was later convicted at trial of: (i) one count of conspiring to commit an offense against the United States, in violation of 18 U.S.C. § 371; (ii) one count of robbery of a U.S. Postal Office, in violation of 18 U.S.C. § 2114; (iii) two counts of bank robbery, in violation of 18 U.S.C. § 2113(a); (iv) one count of possessing stolen property, in violation of 18 U.S.C. § 2113(c); and (v) three counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 364 at 1. Judge Hurley, who presided over the trial, sentenced Defendant to 60 months of incarceration on the conspiracy charge and 140 months of incarceration on the robbery and stolen property charges, all of which were to run concurrently to each other. *Id.* at 2. He sentenced Defendant to 60 months of incarceration on the first Section 924(c) charge and 240 months of incarceration on each of the

two other Section 924(c) charges. *Id.* The sentences that Judge Hurley imposed for the Section 924(c) charges each ran consecutively to each other and to Defendant's prison terms for the other charges. *Id.* Defendant therefore received a cumulative sentence of 56 years and eight months of incarceration, followed by five years of supervised release. *Id.*

The consecutive nature of Defendant's sentences for the firearms charges was—and still is—required by statute. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The 20-year sentences imposed on the second and third Section 924(c) charges were based on the then-existing mandatory minimums, which have since been increased to 25 years. *See Deal v. United States*, 508 U.S. 129, 130 (1993) (quoting the version of Section 924(c) passed in 1988).[1] Pursuant to then-binding decisions from the Supreme Court and the Second Circuit, convictions for multiple Section 924(c) offenses charged in the same indictment were considered "second or subsequent conviction[s]" under the statute, to which the enhanced mandatory minimums applied. *Id.* at 131–32; *United States v. Bernier*, 954 F.2d 818, 819 (2d Cir. 1992). This practice of treating multiple Section 924(c) offenses charged in the same indictment as subsequent convictions is colloquially known as "stacking." *United States v. Haynes*, 456 F. Supp. 3d 496, 502 (E.D.N.Y. 2020). Congress has since changed that interpretation of Section 924(c) by amending it so that, in the statute's current form, the enhanced minimum sentence for second offenses applies only to "a violation of this subsection that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C).

---

[1] *See also Deal v. United States*, 508 U.S. 129, 143 n.8 (1993) (Stevens, J., dissenting) (explaining that the 1988 amendment increased the enhanced mandatory minimum for Section 924(c) offenses from 10 years to 20 years); Act of Nov. 13, 1998, Pub. L. No. 105-386 (amending Section 924(c) to increase the mandatory minimum from 20 years to 25 years).

Defendant Board and three of his co-defendants filed motions to vacate their convictions, pursuant to 28 U.S.C. § 2255, based on the Supreme Court's holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), which called into question whether their predicate robbery offenses were "crimes of violence," as required to support a Section 924(c) charge.  *See* ECF Nos. 812, 813, 815, 822.  They were uniformly unsuccessful.  *Id.*  Two of Defendant Board's co-defendants, however, also filed motions to reduce their sentences pursuant to 18 U.S.C. § 3582(c)(1)(A), one of which was granted by Judge Hurley and one of which was granted by Judge Dearie.  ECF Nos. 812, 822.  Defendant Craig Williams's original sentence of more than 160 years, which included 140 years attributable to stacked Section 924(c) offenses, was reduced to 40 years.  ECF No. 812 at 3, 20.  Defendant George Campbell's original sentence of 50 years was reduced to "a sentence of time served effective November 1, 2023," approximately 26.5 years after he was first detained.  ECF No. 822 at 19.[2]  In granting these motions, both Judge Hurley and Judge Dearie concluded that Congress's intervening amendment of Section 924(c) to eliminate the imposition of enhanced mandatory minimums for multiple Section 924(c) offenses charged in the same indictment represented sufficiently extraordinary circumstances to justify reducing Defendants' sentences.  ECF No. 812 at 15; ECF No. 822 at 16.[3]

---

[2]    George Campbell would have received a sentence of 150 years if not for the fact that he fled to Costa Rica while originally awaiting trial, and when Costa Rica extradited Campbell back to the United States, it did so on the condition that Campbell would not be sentenced to more than 50 years of incarceration.  ECF No. 822 at 2.  120 years of the sentence which Campbell otherwise would have served were attributable to stacked Section 924(c) offenses.  *Id.* at 3.

[3]    Defendant Board's third co-defendant, Anderson King, did not file a motion to reduce his sentence because by the time the Second Circuit had granted King permission to file a successive motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, he had already completed his 30-year sentence of incarceration and had been placed on supervised release.  *See* ECF Nos. 761, 768.

3

Defendant Board also filed a motion to reduce his sentence. *See* ECF No. 815. Judge Hurley denied that motion without prejudice because Defendant had failed to demonstrate adequately that he had complied with the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) by first presenting his request to reduce his sentence to the warden of his prison and waiting 30 days to see if the Bureau of Prisons was willing to make the motion on his behalf. *Id.* at 13–15. Judge Hurley expressly said that his decision was "without prejudice to renew upon submission of evidence that [Defendant Board] exhausted all administrative rights." *Id.* at 15. Defendant has since filed a renewed motion after complying with the exhaustion requirements. ECF No. 825. The Government concedes that Defendant has complied with the exhaustion requirements, but it still opposes Defendant's motion, arguing that he has not demonstrated the extraordinary circumstances necessary to reduce his sentence and that Defendant's current sentence remains consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). ECF No. 828.

## LEGAL STANDARD

When considering a motion to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the court must first "find that extraordinary and compelling reasons warrant such a reduction," and second must "consider the factors set forth in section 3553(a) to the extent that they are applicable before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).[4] A defendant must prevail on both issues, and the Second Circuit has authorized district courts to deny a reduction in sentence if either requirement is not met without the district court needing to consider the other requirement. *Id.* at 374–75 (holding that district court may "end its analysis if it determines that extraordinary and compelling reasons for

---

[4] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

granting the motion are absent"); *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (holding that district court may deny a reduction in sentence based solely on its assessment of the Section 3553(a) factors). The Second Circuit has "explicitly h[e]ld that" once a district court determines that reducing a sentence is warranted, "a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment" to an amount less than the minimum. *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022).

"[W]hen considering a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court does not have discretion to consider new evidence proffered for the purpose of attacking the validity of the underlying conviction in its balancing of the 18 U.S.C. § 3553(a) factors." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022). This principle applies not only to new evidence, but also to any "arguments challenging the validity of an underlying conviction." *Id.* at 65. Such arguments "cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255." *Id.*

Prior to December 2018, when Congress passed the First Step Act, only the Bureau of Prisons could file a motion to reduce a defendant's sentence on the defendant's behalf—a defendant was not authorized to file his or her own motion. *See United States v. Brooker*, 976 F.3d 228, 231–32 (2d Cir. 2020). The First Step Act changed that by authorizing defendants to file their own motions, subject to the exhaustion requirement described above. *Id.* at 233. The statutory language created by the First Step Act requires a district court, before reducing a defendant's sentence, to "find[] that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, the United States Sentencing Commission has not updated its policy statements related to motions to

5

reduce a defendant's sentence since the First Step Act was enacted. *See Brooker*, 976 F.3d at 233–34. Furthermore, the Commission's most applicable policy statement, U.S.S.G. § 1B1.13, still contains language that the Second Circuit has described as "clearly outdated," having been written during the paradigm in which the Bureau of Prisons rarely made motions to reduce sentences on defendants' behalf. *Id.* at 235. The Second Circuit has, therefore, concluded that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" in motions to reduce a sentence, and that nothing "in the now-outdated version of Guideline § 1B1.13[] limits the district court's discretion" in deciding whether the defendant has demonstrated that extraordinary and compelling reasons for a reduction exist. *Id.* at 237.

## DISCUSSION

The exhaustion requirement in the compassionate release statute "is not a jurisdictional limitation on a court's power to consider an inmate's motion." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). Instead, it "is a claim-processing rule that may be waived or forfeited by the government." *Id.* The Government's concession that Defendant has satisfied the exhaustion requirement—and its corresponding decision not to invoke exhaustion as an affirmative defense—therefore relieves the Court of any obligation to conduct an independent analysis of whether Defendant has complied with the exhaustion requirement. *See* ECF No. 828.

The Court will not consider or address Defendant's various arguments attacking the validity of his conviction or sentence. Defendant makes numerous arguments that his conviction and sentence are premised on constitutional violations, that Judge Hurley improperly calculated the guidelines range at the time of Defendant's initial sentencing, and that Defendant's trial counsel was ineffective, including because he failed to convey to Defendant a plea offer made by

6

the Government prior to trial.  *See* ECF No. 825.  However, as explained above, Defendant cannot attack the validity of his conviction or sentence through a motion to reduce his sentence.  *See Amato*, 48 F.4th at 63, 65.  Those are arguments that Defendant was required to make either in his direct appeal or the multiple motions he previously made to vacate his conviction pursuant to 28 U.S.C. § 2255.

      Defendant has satisfied the first requirement for a reduction in his sentence.  Congress's amendment to Section 924(c) eliminating the stacking of multiple enhanced mandatory sentences for offenses charged in the same indictment, against an otherwise first-time offender under Section 924(c), represents an extraordinary circumstance.  Essentially, Congress has rejected the interpretation of Section 924(c) previously adopted by the Supreme Court and the Second Circuit and decided that it is inappropriate to classify defendants charged with multiple firearms offenses in the same indictment as repeat offenders.  *See Haynes*, 456 F. Supp. 3d at 516 (explaining that Congress's amendment to Section 924(c) "was titled 'Clarification of Section 924(c),'" thereby demonstrating that contrary case law permitting stacking "should never have occurred").  Both Judge Hurley and Judge Dearie have held in this case that this amendment represented extraordinary circumstances for Defendant's co-defendants, and Judge Dearie reached the same conclusion in a separate case.  ECF No. 812 at 15–16; ECF No. 822 at 16; *see also Haynes*, 456 F. Supp. 3d at 514–16.

      The Court agrees that Congress's elimination of Section 924(c) stacking can, in some circumstances, qualify as extraordinary circumstances for reducing a sentence even though Congress decided not to make its amendment retroactive.  *See Rodriguez v. United States*, No. 20-cv-5751, 2020 WL 8768320, at *2 (S.D.N.Y. Aug. 18, 2020) (denying motion to vacate sentence and quoting provision of stacking amendment stating that the amendment applied only

7

to offenses "committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"). Since the amendment was not retroactive, the Court is not holding that the elimination of Section 924(c) stacking would merit reducing a defendant's sentence in every instance. *See United States v. Wright*, No. 15-cr-445, 2022 WL 134870, at *4 (S.D.N.Y. Jan. 13, 2022) (refusing to reduce sentence because stacked Section 924(c) charges were included in plea agreement that dropped charge of murder in aid of racketeering, which would have carried a mandatory life sentence). Congress's change in the Section 924(c) sentencing paradigm is, however, sufficiently extraordinary in a case like Defendant's where his mandatory minimum sentences attributable to Section 924(c) stacking represent such a large portion of his overall sentence. *See Haynes*, 456 F. Supp. 3d at 516 (finding elimination of stacking sufficiently extraordinary under similar circumstances).

The Court rejects the Government's argument that it cannot consider Congress's elimination of Section 924(c) stacking as a ground for reducing Defendant's sentence because the Sentencing Commission has not authorized the same rationale in its applicable policy statements. *See* ECF No. 828 at 9–13. That argument is inconsistent with the Second Circuit's holding in *Brooker*, 976 F.3d at 237, described above. Although the Government asserts that *Brooker* was wrongly decided and inconsistent with the holdings of Courts of Appeals in some other Circuits, *Brooker's* decision is binding law for this Court until it is overturned by either the Second Circuit or the Supreme Court. *See* ECF No. 828 at 4 n.1 & 9 n.5.

Having found that extraordinary circumstances merit entertaining Defendant's motion, the Court further finds that the sentencing factors in 18 U.S.C. § 3553(a) merit reducing Defendant's sentence. Defendant has been in custody for more than 30 years, which represents a sufficient length of time to provide both specific and general deterrence for the robberies at issue

8

in this case, and his incarceration to date has protected society by keeping Defendant in custody during the years in which he was most likely to commit another violent crime. Although the crimes for which Defendant was convicted were undoubtedly serious and placed innocent people at risk of serious harm, the Government has not alleged that Defendant actually discharged or otherwise attacked anyone with a weapon during the commission of his offenses. *See* ECF No. 828 at 4–6 (describing Defendant as having pointed firearms at Postal Office or bank employees); *see id.* at 5 (noting that one of Defendant's co-conspirators "pistol-whipped" a Postal Office employee, who was hospitalized).

A reduction in sentence would also further the important goal of "avoid[ing] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As described above, two of Defendant Board's co-defendants have received reductions in their sentences, despite having faced significantly greater mandatory minimum sentences for their conduct. Absent a reduction in Defendant's sentence, both of his co-defendants will be released from custody more than a decade before Defendant is released. This result is particularly inappropriate because their conduct, as reflected in part by their greater minimum sentences, was in many ways more serious than Defendant's. This is especially true for Defendant Craig Williams, who was convicted of non-fatally shooting a federal agent during his attempt to flee arrest. *See* ECF No. 812 at 2–3. Accordingly, after considering the Section 3553(a) factors and the extraordinary circumstances presented by Defendant's motion, the Court concludes that a sentence of 449 months, followed by five years of supervised release, is sufficient but not greater than necessary for Defendant's crimes.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant Darryl Board's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 825. The Court imposes a sentence of 449 total months of incarceration, followed by five years of supervised release. The reduced sentence is apportioned to Defendant's various counts of conviction as follows. The Court sentences Defendant to 60 months of incarceration for his conspiracy offense (Count 1) and 140 months of incarceration for each of his robbery and stolen property offenses (Counts 2, 20, 28, and 30), all of which shall run concurrently to each other. The Court further sentences Defendant to 60 months of incarceration for his first Section 924(c) offense (Count 3), 125 months of incarceration for his second Section 924(c) offense (Count 21), and 124 months of incarceration for his third Section 924(c) offense (Count 29), which shall run consecutively to each other and to the sentences for Defendant's other offenses.

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant. The Court further directs the attorney appointed in connection with Defendant's initial, unexhausted motion to reduce his sentence, *see* ECF No. 764, to take all reasonable means to inform Defendant of this order, and to file a declaration with the Court on or before June 30, 2023, explaining the steps he has taken to do so.

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
        June 22, 2023